FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

2021 MAR 17 PM 3: 40

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:21 cr 103 VMC.-AAS

OMAR AMBUILA

SEALED

18 U.S.C. § 1956(h)
18 U.S.C. § 982

## INDICTMENT

The Grand Jury charges that at all relevant times:

### COUNT ONE
#### (Conspiracy to Commit Money Laundering – 18 U.S.C. § 1956(h))

Background

1.     The defendant Omar Ambuila ("AMBUILA") was born in 1961 in the Buenos Aires, Cauca, region of the Republic of Colombia. He holds a Colombian passport that ends in 0490 and has a Colombian identification number, also known as a *cedula*, that ends in 1570. AMBUILA was a full-time resident of Colombia and was employed by the government of Colombia as a customs official with the Colombian Tax and Customs Directorate, also known as the *Dirección de Impuestos y Aduanas Nacionales*.

2.     One of AMBUILA's co-conspirators ("CO-CONSPIRATOR 1") was a resident of Tampa and the Miami-Dade area at various times during the conspiracy. She was unemployed.

## The Money Laundering Conspiracy

3.      Beginning on a date unknown to the Grand Jury, but no later than in or about November of 2012, and continuing through a date unknown to the Grand Jury, but no earlier than in or about January of 2017, in the ·Middle District of Florida, the Southern District of Florida, the Republic of Colombia, and elsewhere, the defendant,

OMAR AMBUILA,

did conspire with CO-CONSPIRATOR 1, as well as other persons, both known and unknown to the Grand Jury, to commit offenses in violation of 18 U.S.C. § 1956(a)(1)(B), that is,

> knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, to conduct and attempt to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity - knowing that the transaction is designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity;

to commit offenses in violation of 18 U.S.C. § 1956(a)(2)(A), that is,

> to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the

2

United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States - with the intent to promote the carrying on of specified unlawful activity;

and, to commit offenses in violation of 18 U.S.C. § 1957, that is,

to knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity;

all in violation of 18 U.S.C. § 1956(h).

4.    It is further alleged that the specified unlawful activity in the foregoing paragraph included wire fraud, in violation of 18 U.S.C. § 1343; bank fraud, in violation of 18 U.S.C. § 1344; the operation of an illegal and unlicensed money transmitter business, in violation of 18 U.S.C. § 1960; the unlawful distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; an offense against a foreign nation involving extortion; an offense against a foreign nation involving fraud, and any scheme and attempt to defraud, by or against a foreign bank; an offense against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official; an offense against a foreign nation involving an offense with respect to which the United States would be

obligated by a multilateral treaty, either to extradite the alleged offender and to submit the case for prosecution, if the offender were found within the territory of the United States, to wit, money laundering.

### Objects of the Conspiracy

5.     The objects of the conspiracy were to conduct prohibited monetary and financial transactions for personal enrichment; and to hide illicit proceeds, assets, income, and financial activity from government authorities in the United States and Colombia.

### Manner and Means of the Conspiracy

The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

6.     It was a part of the conspiracy that during a period beginning on or about November 19, 2012, until on or about May 2, 2013, while CO-CONSPIRATOR 1 resided in the Middle District of Florida, and in affect of interstate and foreign commerce, AMBUILA utilized surrogates to transfer approximately $72,000 in illicit proceeds to a car dealership in Tampa, Florida, to purchase a 2013 Porsche for CO-CONSPIRATOR 1.

7.     It was a further part of the conspiracy that on or about December 26, 2013, AMBUILA utilized surrogates to wire transfer $11,000 of illicit proceeds into CO-CONSPIRATOR 1's bank account in the United States.

4

8.    It was a further part of the conspiracy that throughout 2013, 2014, 2015, and 2016, in affect of interstate and foreign commerce, AMBUILA utilized surrogates to transfer approximately $1,000,000 of illicit proceeds to CO-CONSPIRATOR 1 in the United States, including in the Middle District of Florida. The $1,000,000 included funds deposited by AMBUILA's surrogates into CO-CONSPIRATOR 1's bank accounts, funds paid by AMBUILA's surrogates to CO-CONSPIRATOR 1's debit/check card accounts, funds paid by AMBUILA's surrogates to CO-CONSPIRATOR 1's landlord, and cash delivered by AMBUILA's surrogates directly to CO-CONSPIRATOR 1. The $1,000,000 also included the following sums of money that were wire transferred into the United States from Colombia:

| Date | Approximate Amount in USD | Place of Origin |
|------|---------------------------|-----------------|
| 01/21/2014 | $3,535.62 | Colombia |
| 02/03/2014 | $606.06 | Colombia |
| 04/22/2014 | $2,525.25 | Colombia |
| 04/29/2014 | $6,666.70 | Colombia |
| 10/24/2014 | $1,010.10 | Colombia |
| 04/09/2015 | $709.95 | Colombia |
| 09/30/2015 | $3,042.60 | Colombia |
| 03/09/2016 | $2,000.00 | Colombia |

9.    It was a further part of the conspiracy that in or about October of 2016, AMBUILA and CO-CONSPIRATOR 1 traded in the 2013 Porsche that had been purchased with illicit proceeds, and received a $30,000 credit at a

5

Miami area car dealership towards the purchase of a 2017 Porsche Cayenne, Vehicle Identification Number WP1AA2A29HKA83052.

10.     It was a further part of the conspiracy that on or about December 26, 2016, AMBUILA and CO-CONSPIRATOR 1 traveled to a luxury car dealer in the Southern District of Florida (CAR DEALER).

11.     It was a further part of the conspiracy that during a period beginning March of 2016 until approximately January of 2017, AMBUILA arranged for the transfer of, and did transfer, approximately $330,000 to CAR DEALER's bank account in the United States for the purchase of a 2017 Lamborghini   Huracan   Spyder,   Vehicle   Identification   Number ZHWUR1ZF7HLA05916.

12.     It was a further part of the conspiracy that AMBUILA took steps to conceal and disguise his involvement in said Lamborghini purchase by utilizing surrogates to transfer the $330,000 to the CAR DEALER on his behalf.

13.     It was a further part of the conspiracy that the funds transferred to CAR DEALER affected interstate and foreign commerce, and consisted of proceeds of specified unlawful activity, including but not limited to three wire transfers originating at a financial institution in Colombia.

14.     It was a further part of the conspiracy that three checks written to the CAR DEALER as part of said Lamborghini purchase were processed by

CAR DEALER's bank in the normal course of business at a bank operations center located in the Middle District of Florida.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

15.     All foregoing paragraphs of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 982(a)(1).

16.     From their engagement in any or all of the violations alleged in this Indictment, the defendant,

OMAR AMBUILA,

and others known and unknown to the Grand Jury, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

17.     The assets to be forfeited specifically include, but are not limited to, a judgment in the amount that was involved in the offense, as well as:

(a) One 2017 Porsche Cayenne, Vehicle Identification Number WP1AA2A29HKA83052;

(b) One 2017 Lamborghini Huracan Spyder, Vehicle Identification Number ZHWUR1ZF7HLA05916.

If any forfeitable assets, including but not limited to those described above, as a result of any act or omission of the defendant:

7

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third
        person;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be
        subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §

982(b)(1).

Dated: March ⎣7⎦, 2021              A TRUE BILL,

                                    _____
                                    Foreperson


                                    DEBORAH L. CONNOR
                                    Chief, MLARS
                                    U.S. Department of Justice

                             By: _____
                                    Joseph Palazzo
                                    MLARS Deputy Chief

8

FORM OBD-34
March 21

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

OMAR AMBUILA

## INDICTMENT

Violations:   18 U.S.C. § 1956(h)
              18 U.S.C. § 982

A true bill,

_ABROMES_ (signature)
_____
Foreperson

Filed in open court this 17th day

of March 2021.

_____
Clerk

Bail $_____